IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:   4:14cr19/RH/CAS
                 4:16cv34/RH/CAS

DANNY CHANDLER, JR.,

    Defendant.

---

### **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 41). The Government has filed a response (ECF No. 47) and Defendant filed a reply. (ECF No. 48). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

On March 5, 2014, Defendant Danny Chandler, Jr., was charged in a four-count indictment with possession of cocaine and crack cocaine with intent to distribute ("Count One"), possession of a short-barreled shotgun in connection with the offense in Count One ("Count Two"), possession of an unregistered short-barred shotgun ("Count Three") and possession of a short-barreled shotgun by a convicted felon ("Count Four").   (ECF No. 1). On May 1, 2014, represented by Federal Public Defender Randy Murrell, Defendant pleaded guilty pursuant to a written plea agreement to Counts One, Two and Four.   (ECF Nos. 17, 18, 19, 36).   The plea agreement, which was the standard plea agreement used in this district, set forth the penalties Defendant faced including a mandatory minimum term of ten years imprisonment on Count Two, and the fact that this term must be served consecutive to any other term of imprisonment that the court imposed.   (ECF No. 18 at 1-2).

The Final Presentence Investigation Report ("PSR") reflected a total offense level of 23, and a criminal history category of IV.   (ECF No. 23, PSR ¶¶ 19-30, 38).   The guidelines range for Counts One and Four was

70 to 87 months, followed by the consecutive mandatory term of 120 months on Count Two.  (ECF No. 23, PSR ¶¶ 68, 69).

The court sentenced Defendant to a total term of 180 months, which was slightly below the applicable guidelines range.  (ECF No. 34 at 14; ECF Nos. 25, 26).

Defendant appealed, arguing that the district court improperly considered his prior conviction for possession of cocaine with intent to distribute to be controlled substance offense as defined by U.S.S.G. § 4B1.2(b).  (ECF No. 39).  The Eleventh Circuit found his argument to be foreclosed by recent precedent and affirmed.

Defendant timely filed the instant motion, raising two grounds for relief.  He claims that his guilty plea was not voluntary, intelligent, and knowing and that the inclusion of a "collateral challenge waiver" in the plea agreement was a violation of his sixth amendment right to conflict-free counsel.  The Government opposes the motion.

## ANALYSIS

### Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  *Spencer v. United States*, 773 F. 3d 1132,

1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).

<u>Defendant's Grounds for Relief</u>

Defendant's first ground for relief contains two subparts.   First, he claims that the Government's promise to seek a sentence reduction based on his acceptance of responsibility was illusory because his sentence was fixed by the statutory maximum.   He asks for the judgment to be vacated and for him to be allowed to plead to a charge without a mandatory minimum.   Defendant's argument is flawed.

The plea agreement contains no "promise" that the Government would seek a reduced sentence based on his acceptance of responsibility. The standard plea agreement provides that the sentence is left solely to the discretion of the district court, that any prediction of the sentence is neither a guarantee nor a binding promise and that the sentence is not subject to accurate prediction due to the variety and complexity of issues that are taken into account.   (ECF No. 18 at 3).   Adverse rulings or a sentence greater than anticipated were not grounds for withdrawal of the plea.   (*Id.*) The Government reserved the right to present evidence and make arguments about the application of the sentencing guidelines, but the agreement contained no specific promise about the position it would take.

Additionally, only Defendant's sentence as to Count Two was dictated by a statutory minimum, not a statutory maximum as stated in Defendant's motion. The fact that Defendant would be sentenced to the ten-year minimum mandatory, in addition to any sentence imposed on Counts One and Four is reflected in the plea agreement, and was explained to Defendant at the rearraignment. (ECF No. 36 at 10). The advisory guidelines range guided the court's determination of the appropriate sentence on Counts One and Four. The advisory range calculated by the probation officer and used by the court did reflect the three-level acceptance of responsibility adjustment. No relief is warranted on this portion of Defendant's claim.

In the second subpart of Ground One, Defendant maintains that the plea agreement contained a waiver of his right to collaterally challenge the guilty plea, including the right to raise a claim of ineffective assistance of counsel. He contends that had he known that the agreement contained this waiver, and the effect thereof, he would not have signed the agreement. Ground Two of his motion is also based on the alleged inclusion of a collateral challenge waiver in the plea agreement. Defendant's position is factually mistaken.

Case Nos.: 4:14cr19/RH/CAS; 4:16cv31/RH/CAS

By entering into the plea agreement, Defendant gave up certain constitutional rights that he would have otherwise had in a criminal trial. However, Defendant did not waive the right to effective assistance of counsel or the right to claim ineffective assistance of counsel in a collateral proceeding. His contention otherwise is mistaken. There is no factual basis for the claims raised as Claim 1.2 of Ground One or Claim 2.1 of Ground Two, and Defendant is not entitled to relief.

Conclusion

Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of

appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence (ECF No. 418) be **DENIED.**

2.   A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 7th day of May, 2018.

                s/ Charles A. Stampelos
                **CHARLES A. STAMPELOS**
                **UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:14cr19/RH/CAS; 4:16cv31/RH/CAS

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:14cr19/RH/CAS; 4:16cv31/RH/CAS